### JOBE v SHAFFER et

Ohio Appeals, 2nd Dist, Greene Co

No 426.   Decided Nov 14, 1936

Miller & Finney, Xenia, for appellant.
Martin & Corry, Springfield, and Marshall & Marshall, Xenia, for appellees.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court, fixing the respective interests of parties to a partition suit, wherein a defendant below, Ethel Boyd Shaffer, is the appellant and Charles L. Jobe, an appellee, was the plaintiff. The other appellees were defendants below.

The action sought partition of a farm in Greene County, Ohio, in which the plaintiff averred he was seized of the undivided 8/15 part. He further averred that the defendant, "Ethel Shaffer was entitled to 3/15 part thereof, subject to the dower interest of her mother, Anna Boyd, therein; that Mary Margaret Jobe, minor child of J. William Jobe, deceased, was seized of 1/15 interest, subject to the dower interest of the mother, Mary Jobe; that Alta C. Jobe, widow of Edward Jobe, deceased, was seized of 3/15 interest therein."

The only defendant to answer was Ethel Boyd Shaffer, who admitted that George F. Jobe died seized of the real estate described in the petition and that he left as his heirs at law those named in the petition, who each became seized of a 1/5 interest in the real estate described in the petition; that he died on July 18, 1924, leaving the

defendant, Ethel Boyd Shaffer, as his sole heir at law and that at the time of his death he was divorced from his wife, Anna M. Boyd. Defendant further says that in addition to the 1/5 interest so inherited, mentioned in the petition as 3/15, she inherited from Walter Jobe, who died, as alleged in the petition, on or about the 14th day of September, 1929, the ¼ of the 1/5 interest which Walter Jobe received by inheritance from George F. Jobe.

Upon issue joined, the court decreed partition in the real estate to the parties and in the proportions as alleged in the petition, with the exception that the 1/5 or 3/15 share of Ethel Boyd Shaffer was found to be free of any dower interest and held against the claim that Ethel Boyd Shaffer has set up in her answer.

The cause was submitted below and is here submitted on an agreed statement of facts, a part of which is a tree of the Jobe family, which is helpful to an appreciation of the question presented. It is as follows:

1. George F. Jobe—died testate May 18, 1923.

2. John H. Jobe died 3-15-1905. Record 11-76.

  1. C. L. Jobe.

  2. H. Homer Jobe, died—1. John Wm. Jobe, died—1. Margaret Jobe, Infant.

  3. Geo. Edgar Jobe, died testate 12-27-1926—3 children and widow.

  4. J. Riley Jobe, died 9-29-10 Intestate—1 Walter Jobe, died intestate 9-14-1929.

  5. L. Belle Jobe—Dead—No Issue.

George Jobe, Died 1-29-1867. Will Record K—459.

3. Rebecca Eliza Jobe—Dead—No Issue.

4. Margaret Ann Boyd

  1. Albert Boyd—Dead—No Issue.

  2. George E. Boyd, died 7-18-1924. 1. Ethel Boyd Shaffer.

5. James H. Jobe—Dead—No Issue.

The interest involved is the 1/5 part of the farm which was owned by Walter Jobe at the time of his death, having come from George F. Jobe under Item 11 of his last will and testament.

The interest under consideration was ancestral property. Walter Jobe died intestate September 14, 1929. He left no children nor brothers or sisters of the blood of the ancestor. He left his uncle, Charles L. Jobe, and certain issues of other brothers of his father. It appears from the family tree that J. Riley Jobe, father of Walter Jobe, a nephew of the testator, died September 20, 1910. The testator, George F.

Jobe, died May 18, 1923. Ethel Boyd Shaffer is a daughter of George E. Boyd, nephew of the testator, who was a son of Margaret Anne Boyd, a sister of the testator, George E. Boyd died July 18, 1924.

The trial court held that the interest of Walter Jobe passed to the brothers of his father, J. Riley Jobe or their representatives under Sub-division of former §8573 GC.

It is contended by counsel for appellant, Ethel Boyd Shaffer, that the interest of which Walter Jobe died seized should pass to the representatives of the brothers and sisters of George F. Jobe, the testator.

Determination of the question presented requires construction of the last will and testament of George F. Jobe, and particularly Item 11 thereof:

"I give, devise and bequeath the rest and residue of my estate to the next of my kin, to them as they would take under Statute of Descent and Distribution."

Sec 8573, Revised Statutes, the controlling section thereof, provides:

"If the ancestor from whom the estate came is deceased, the estate shall pass to and vest in the children of the ancestor from whom the estate came, or their legal representatives; if there are no children of the ancestor from whom the estate came or their legal representatives, the estate shall pass to and vest in the husband or wife, relict of such ancestor as a parent of the decedent; if there is no such husband or wife, the estate shall pass to and vest in the brothers and sisters of such ancestor or their legal representatives; * * *."

It is the claim of counsel for the appellant that the ancestor of Walter Jobe from whom the estate came is George F. Jobe, the testator. On the other hand, it is the contention of counsel for the appellees, and the trial court held, that the ancestor from whom the estate came is J. Riley Jobe, the father of Walter Jobe.

The item of the will provides: "I * * * devise * * * the residue of my estate to the next of my kin, to them as they would take under Statute of Descent and Distribution." Who, then were the testator's next of kin?

This question is answered in Godfrey et v Epple et, 100 Oh St 447:

"The phrase 'nearest of kin' when employed in a last will and testament, in the

absence of language in the will manifesting a different intention, is to be so construed as to embrace within its meaning such as would inherit under the statutes of descent and distribution, and in the order and proportion therein provided."

Applying this definition of nearest of kin, Walter Jobe answered the description, "next of my kin," of the testator and took the 1/5 share of the real estate to be aparted by the will. He succeeded to his estate by reason of his relationship to his father, but directly or immediately from the testator. If the father had been living at the time of the death of the testator, he would have answered the description of "next of kin," and thereby have taken immediately from the ancestor, George F. Jobe. Since he was dead his son Walter Jobe was, at the time of the death of the testator, "next of my kin."

We are referred to a number of Ohio cases, among which are **Clayton et v Drake et, 17 Oh St 368** and **Martin et v Martin, Admr., 56 Oh St 333.**

The second and third propositions of the syllabus of Clayton v Drake, supra, are:

"2. In ascertaining 'the next of kin to the intestate,' mentioned in the 6th clause of the same section (the act of March 14, 1853, regulating descents, and the distribution of personal estates) the degrees of consanguinity are to be computed according to the rule of civil law.

"3. The words 'next of kin,' in this clause, are descriptive of a particular person, or of a class of persons related to the intestate in an equal degree of consanguinity. They exclude the more remote kindred, and do not imply the principle of representation."

If the law of this case were controlling, then Walter Jobe could take nothing under the will but for the statute, §10581 GC, infra, because only the nearest living blood relations of the testator would have been included in the phrase "next of my kin." Page on Wills, §521.

The fourth proposition of the syllabus in Clayton v Drake, supra:

"Hence, grand-uncles and grand-aunts, when next of kin, will take the inheritance, to the exclusion of the children and grandchildren of grand-uncles who have died before the intestate."

Judge Nichols, in Godfrey v Epple, supra, marks the differentiation to be made from the Clayton case in this language at page 449:

"The court in that case (Clayton v Drake) did give to the phrase 'next of kin' a strictly technical definition, the effect of which was to defeat participation by representation. The court was, however, construing the term as found in the statutes of descent and distribution, **afterwards amended**, and not as employed in a will.

"* * * since, as we have said before, the construction in the Drake case is of the expression found in a statute and not in a will, we do not regard the doctrine of the Drake case as having that binding force and effect that would preclude a consideration anew of the law question involved in the case.

"We are justified in this course of action, in the first place, by the doctrine established in the case of **Steel, Admr. v Kurtz et, 28 Oh St 191.** Here 'next of kin' was given a far broader meaning than ascribed to it in the Drake case."

Martin et v Martin, Admr., supra, holds:

"The personal property of an intestate who leaves neither wife nor child, passes to such of his brothers and sisters as survive him and to the legal representative of those who died before him, and children of a predeceased brother take in a representative character and subject to the indebtedness of their principal to the intestate."

The judgment in this case was predicated upon the proposition stated in the opinion at page 339:

"* * * the plaintiffs in error not being of the **next of kin** to the intestate, are entitled to share in the estate only by favor of the last clause of the paragraph, which admits them as 'legal representatives' of their deceased father, Alexander, who if he had survived, would have been of the next of kin." (Emphasis ours).

In the instant cause Walter Jobe was "next of kin" to the intestate.

**Sec 10581 GC** provides:

"When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the

devisee would have done, if he had survived the testator."

This section would have application to pass any estate devised to J. Riley Jobe, individually or as a member of a class, **Wooley et v Paxson et, 46 Oh St 307**, which passed to Walter Jobe solely by representation.

The court employed the spirit of the provisions of §10581 GC in determining who constituted "nearest of kin" in the Godfrey case, supra. It, however, was but a reason supporting the judgment eventually reached. In any event, the Godfrey case decides that Walter Jobe took because he answered the description "next of kin" and not under §10581 GC.

It might be observed, though not necessarily controlling, that old §§8573-8609 GC were included in Part Section, Title VIII, Chapter 2 of the Code under the heading "Descent and Distribution," whereas §10581 GC is found in Part Third, Title III, "Procedure in Probate Court," Chapter 2, under the heading "Wills." Thus the reference to Item XI of the will of George Jobe, deceased, to the "Statute of Descent and Distribution" would refer to §8573 GC exclusively and not include §10581 GC.

Ethel Boyd Shaffer, the appellant, should share in the 1/5 interest left by Walter Jobe in the proportion of ¼ thereof and the shares of the appellee as fixed by the trial court reduced proportionately.

Judgment accordingly.

BARNES, PJ, and BODEY, J, concur.